IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01794-BNB

CURT ALLEN SIGLER

    Plaintiff,

v.

THE CHASE MANHATTAN BANK, the corporation company, and
JAMES DIMON,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

SEP 0 9 2010

GREGORY C. LANGHAM
                CLERK

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff, Curt Allen Sigler, has filed a *pro se* Complaint. The Court must construe the Complaint liberally because Mr. Sigler is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Sigler will be ordered to file an amended complaint.

The Court has reviewed Mr. Sigler's Complaint and finds that it does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the Court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed

to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate Rule 8.

Mr. Sigler asserts federal question jurisdiction pursuant to 28 U.S.C. § 1331 and diversity jurisdiction pursuant to 28 U.S.C. § 1332. He alleges that the amount in controversy is more than $75,000. Mr. Sigler's claims apparently arise out of allegations that a Colorado branch of Defendant Chase Manhattan Bank permitted a forged cashier's check in Mr. Sigler's name for $50,000 to be cashed. Mr. Sigler alleges that Defendant Chase Manhattan Bank failed to follow the Uniform Commercial Code and banking regulations that require parties cashing a check to be present with identification. He also alleges that he notified Defendant Chase Manhattan Bank of the forgery, but that Defendant has refused any attempts to recover the funds for Mr. Sigler. However, Mr. Sigler fails to articulate clearly what specific claim or claims he is asserting against each named Defendant and he fails to provide specific factual allegations in support of his claims. For instance, Mr. Sigler does not assert any claims against Defendant James Dimon, and he does not explain the relevance of Mr. Dimon to this action. Further, Mr. Sigler's second and third claims are not asserted pursuant to

any statute, and merely contain conclusory factual allegations that are not linked to any specific claim for relief. Accordingly, the Complaint fails to comply with Rule 8 of the Federal Rules of Civil Procedure.

In order to state a claim in federal court, Mr. Sigler is reminded that he "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." **Nasious v. Two Unknown B.I.C.E. Agents**, 492 F.3d 1158, 1163 (10th Cir. 2007). The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." **Garrett v. Selby Connor Maddux & Janer**, 425 F.3d 836, 840 (10th Cir. 2005). Therefore, Mr. Sigler will be directed to file an Amended Complaint that contains a short and plain statement of his claims for relief, explains each Defendant's participation and asserts each claim pursuant to some statutory authority. Accordingly, it is

ORDERED that Mr. Sigler file, **within thirty (30) days from the date of this order**, an amended complaint that complies with the pleading requirements of Fed. R. Civ. P. 8(a) as discussed in this order. It is

FURTHER ORDERED that the clerk of the court mail to Mr. Sigler, together with a copy of this order, two copies of the following form: Complaint. It is

FURTHER ORDERED that, if Mr. Sigler fails to file an amended complaint that complies with this order within the time allowed, the action will be dismissed without further notice.

DATED September 9, 2010, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-01794-BNB

Curt Allen Sigler
1025 Main Street
Clearwater, MN 55320

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Complaint** to the above-named individuals on 9/9/10

GREGORY C. LANGHAM, CLERK

By: _____
           Deputy Clerk