IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 10-cv-01794-LTB-BNB

CURT ALLEN SIGLER,

Plaintiff,

v.

JANE OR JOHN DOE #1,
JANE OR JOHN DOE #2,
JPMORGAN CHASE BANK NA,
THE CORPORATION COMPANY, and
JAMES DIMON,

Defendants.
_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

This matter arises on **Defendants' Motion to Dismiss Plaintiff's Complaint Pursuant to Fed.R.Civ.P. 12(b)(6)** [Doc. # 14, filed 12/21/2010] (the "Motion"), brought on behalf of defendants JP Morgan Chase, NA; The Corporation Company; and James Dimon. I respectfully RECOMMEND that the Motion be GRANTED IN PART and DENIED IN PART.

**I. STANDARD OF REVIEW**

The plaintiff is proceeding *pro se*, and I must liberally construe his pleadings. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). I cannot act as advocate for a *pro se* litigant, however, who must comply with the fundamental requirements of the Federal Rules of Civil Procedure. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

In ruling on a motion to dismiss, the court must accept the plaintiff's well-pleaded allegations as true and must construe all reasonable inferences in favor of the plaintiff. City of

Los Angeles v. Preferred Communications, Inc., 476 U.S. 488, 493 (1986); Mitchell v. King, 537 F.2d 385, 386 (10th Cir. 1976). The complaint must contain specific allegations sufficient to establish that it plausibly supports a claim for relief. Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 n.2 (10th Cir. 2007). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984).

## II.  BACKGROUND

The plaintiff filed his Second Amended Complaint on October 4, 2010 [Doc. #8] (the "Complaint"). The Complaint contains the following pertinent allegations:

1. On February 8, 2008, a Colorado branch of JP Morgan Chase Bank NA ("JP Morgan Chase") deposited and/or cashed a cashier's check in the amount of $50,000.00. *Complaint*, p. 2, ¶ 5.[1]

2. The check was made payable to Patricia Sigler and Curt Sigler and was issued by Guaranty Bank and Trust. Id.

3. The check contained a forged endorsement. Id.

4. An Affidavit of Forgery was filed with Guaranty Bank and Trust. Id. "Upon notification of the forgery and a request for the return of the funds Chase refused any and all attempts made by Mr. Sigler and Guaranty Bank and Trust to recover the funds." Id.

5. "No one involved in this matter has disputed that the check was forged and that Mr. Sigler was harmed in this." Id.

---

[1]The Complaint is not consecutively paginated. Therefore, I cite to the page numbers of the Complaint as they are assigned by the court's docketing system.

The plaintiff alleges that Jane or John Doe #1 cashed or deposited the check, and Jane or John Doe #2 authorized or allowed the check to be cashed or deposited in violation of the "Uniform Commercial Code of the United States" ("UCC"). Id. at p. 4, ¶¶ 1, 3. He further alleges that the Doe defendants were negligent "in that he or she knew or should have known that cashing or depositing [the check] was in violation of the UCC." Id. at ¶¶ 2, 4.

The plaintiff also alleges that JP Morgan Chase was "negligent in not ensuring that their teller and staff were properly trained regarding the provisions and requirements under the UCC and that those provisions were not adhered to," id. at p. 4, ¶ 5; defendant James Dimon "was negligent in not ensuring that his company's employees followed and adhered strictly to the provisions and requirements of the UCC, id. at ¶ 7; and Dimon was "willfully negligent after being contacted by Plaintiff and being fully informed of the circumstances in this matter and failing to resolve it in a timely matter." Id. at ¶ 8.

The plaintiff seeks $200,000.00 in compensatory damages and $3,450,000.00 in punitive damages. Id. at p. 5.

### III. ANALYSIS

#### A. UCC Claims

The plaintiff alleges that the Doe defendants violated §§ 3-104(g) and 3-110(d) of the UCC. The defendants argue that the plaintiff has failed to state a claim upon which relief can be granted. *Motion*, pp. 5-6.

Section 3-104(g) is codified at section 4-3-104(g), C.R.S. Section 4-3-104(g) merely defines "Cashier's check" and does not create a cause of action.

Section 3-110(d) is codified at section 4-3-110(d), C.R.S., and provides:

3

> If an instrument is payable to two or more persons alternatively, it is payable to any of them and may be negotiated, discharged, or enforced by any or all of them in possession of the instrument. If an instrument is payable to two or more persons not alternatively, it is payable to all of them and may be negotiated, discharged, or enforced only by all of them. If an instrument payable to two or more persons is ambiguous as to whether it is payable to the persons alternatively, the instrument is payable to the persons alternatively.

The defendants argue that this provision does not create an "enforceable cause of action and does not impose liability on any of the Defendants." *Motion*, p. 6. Construing the Complaint a liberally, as I must, I find that the plaintiff is asserting a claim for conversion against JP Morgan Chase. Specifically, the plaintiff's claim is that JP Morgan Chase improperly deposited and/or cashed a cashier's check which required the indorsement of both Patricia Sigler and Curt Sigler, where the indorsement of Curt Sigler was forged.

A check is converted when a depository bank[2] takes a check "by transfer, other than a negotiation, from a person not entitled to enforce the instrument or a bank makes or obtains payment with respect to the instrument for a person not entitled to enforce the instrument or receive payment." Section 4-3-420(a), C.R.S., and Official Comment. "An instrument is transferred when it is delivered by a person other than its issuer for the purpose of giving to the person receiving delivery the right to enforce the instrument." Section 4-3-203(a), C.R.S. "This covers cases in which a depositary bank or payor bank takes an instrument bearing a forged indorsement." Section 4-3-420, C.R.S., Official Comment, § 1. See also National Surety Corp.

---

[2]A depository bank is the bank which first handles the check. Section 4-4-105(2), C.R.S.

v. Citizens State Bank, 593 P.2d 362, 364 (Colo. App. 1978) (stating that "[u]nder this statute,[3] if plaintiffs pled facts which, if true, would establish that the depositary bank has paid on a forged indorsement, then they have stated a claim for conversion of the instrument under the Uniform Commercial Code") (internal quotations omitted), *aff'd en banc*, 612 P.2d 70 (Colo. 1980).

The plaintiff has alleged sufficient facts to state a plausible claim for conversion against JP Morgan Chase. Because this cause of action is against the depository bank, naming the individual defendants, including the Doe defendants, is redundant. The Motion should be granted to the extent it seeks dismissal of the plaintiff's claim under the UCC as against the Doe defendants and denied insofar as it seeks dismissal of the claim as against JP Morgan Chase.

### B. Negligence Claims

The plaintiff asserts negligence claims against all of the defendants. Under Colorado law, the elements of a negligence claim are "a duty owed by the defendant to the plaintiff, a breach of that duty, injury to the plaintiff, and a proximate cause relationship between the breach and the injury." Casebolt v. Cowan, 829 P.2d 352, 356 (Colo. 1992). "The court determines, as a matter of law, the existence and scope of the duty . . . ." Metropolitan Gas Repair Service, Inc. v. Kulik, 621 P.2d 313, 317 (Colo.1980).

The defendants argue that they did not owe the plaintiff a duty because "[c]ourts in numerous jurisdictions, including Colorado, have generally held that a bank does not owe a duty of care to a noncustomer with whom the bank has no direct relationship" and "the Complaint is

---

[3]The court in National Surety Corp. addressed section 4-3-419, C.R.S. Section 4-3-420 is a modification of section 4-3-419.

devoid of any allegation that Plaintiff is a customer of, or that JP Morgan Chase had a direct relationship with, Plaintiff." *Motion*, p. 4.

The defendants cite <u>Weil v. First Nat'l Bank of Castle Rock</u>, 983 P.2d 812, 814-15 (Colo. App. 1999), in support of their argument. In <u>Weil</u>, the plaintiff owned an insurance agency. His office manager and her assistant opened a checking account at the First National Bank of Castle Rock ("First National") and used the account in a scheme to embezzle funds from the plaintiff's business. The plaintiff sued First National for negligence and gross negligence. The plaintiff asserted that "First National owed him duties to inquire as to the authority of the agent to set up the account, deposit the forged checks and for the withdrawal of the money. . . ." <u>Id.</u> at 814. The court stated that it found no authority to support the conclusion that First National owed the plaintiff such duties, and that "[c]ourts in other jurisdictions have generally held that a bank does not owe such duties of care to a noncustomer." <u>Id.</u> The court affirmed the trial court's grant of summary judgment in favor of the bank.

The Complaint fails to allege that the plaintiff was a customer of JP Morgan Chase. To the contrary, the Complaint alleges that the plaintiff's customer relationship was with Guaranty Bank and Trust because the cashier's check was issued by Guaranty Bank and Trust; he filed an Affidavit of Forgery with Guaranty Bank and Trust; and JP Morgan Chase has refused all attempts made by Guaranty Bank and Trust to recover the funds.

In his response to the Motion the plaintiff states that he will establish "a prior business relationship and multiple business transactions between the parties" through "Discovery, Depositions, Subpoenas and Testimony." *Motion Objecting to Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)* [Doc. #19 (the "Response"), ¶ 3. However, the plaintiff

6

cannot cure his pleading deficiencies by asserting new facts in a brief opposing a motion to dismiss. See Perkins v. Silverstein, 939 F.2d 463, 471 (7th Cir.1991) ("a complaint may not be amended by briefs in opposition to a motion to dismiss."). Nor can he cure his pleading deficiencies by a conclusory statement that he will establish a customer relationship in the future; he must allege specific facts which demonstrate that he was a customer of JP Morgan Chase.[4]

The plaintiff has not alleged any facts which plausibly demonstrate that the defendants owed him a duty of care. Therefore, the Motion should be granted insofar as it seeks dismissal of the plaintiff's negligence claims.

### C. Claims Against The Corporation Company

The defendants state that the plaintiff has failed to state a claim against The Corporation Company because the Complaint does not contain any allegations against The Corporation Company and, as the agent authorized to receive service of process for JP Morgan Chase, The Corporation Company is not liable as a matter of law. *Motion*, p. 6. The plaintiff states that he "concedes they had no direct action in this matter" and that "[a]s a Pro Se litigant, Plaintiff's research seemed to indicate that it was a requirement to name The Corporation Company registered with the Colorado Secretary of State in the Complaint." *Response*, ¶ 6. The plaintiff further states that he has no objection to the dismissal of The Corporation Company. Id. Accordingly, the Motion should be granted insofar as it seeks dismissal of The Corporation Company for failure to state a claim upon which relief can be granted.

---

[4]The plaintiff's lack of a customer relationship with JP Morgan Chase is made clear by his "Motion for Default Judgment Pursuant to Fed. R. Civ. P. 12(a)(1)(A)(ii)" [Doc. # 14] in which he erroneously argues that "[t]he moment [JP Morgan Chase] decided to take the Cashier's Check they made Plaintiff a Customer . . . ." Id. at ¶ 9.

7

## IV. CONCLUSION

I respectfully RECOMMEND that the Motion [Doc. # 14] be GRANTED IN PART and DENIED IN PART as follows:

1. GRANTED to the extent it seeks dismissal of the plaintiff's claim under the UCC as against the Doe defendants, and DENIED insofar as it seeks dismissal of the UCC claim as against JP Morgan Chase;

2. GRANTED insofar as it seeks dismissal of the plaintiff's negligence claims; and

3. GRANTED to the extent it seeks dismissal of The Corporation Company.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed.R.Civ.P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated September 22, 2011.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge