IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 10-cv-01794-LTB-BNB

CURT ALLEN SIGLER,

Plaintiff,

v.

JANE OR JOHN DOE #1,
JANE OR JOHN DOE #2,
JPMORGAN CHASE BANK NA,
THE CORPORATION COMPANY, and
JAMES DIMON,

Defendants.
_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

This matter arises on the plaintiff's **Motion for Default Judgment Pursuant to Fed. R. Civ. P. 12(a)(1)(A)(ii)** [Doc. # 14, filed 01/11/2011] (the "Motion"). The plaintiff seeks a default judgment against the Doe defendants. The Motion is frivolous, and I respectfully RECOMMEND that it be DENIED.

The plaintiff is proceeding *pro se*, and I must liberally construe his pleadings. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). I cannot act as advocate for a *pro se* litigant, however, who must comply with the fundamental requirements of the Federal Rules of Civil Procedure. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

The plaintiff filed his Second Amended Complaint on October 4, 2010 [Doc. #8] (the "Complaint"). The Complaint alleges that JP Morgan Chase Bank NA ("JP Morgan Chase") deposited and/or cashed a cashier's check which contained a forged endorsement. The plaintiff

alleges that Jane or John Doe #1 cashed or deposited the check, and Jane or John Doe #2 authorized or allowed the check to be cashed or deposited in violation of the "Uniform Commercial Code of the United States" ("UCC"). *Complaint*, p. 4, ¶¶ 1, 3. He further alleges that the Doe defendants were negligent "in that he or she knew or should have known that cashing or depositing [the check] was in violation of the UCC." Id. at ¶¶ 2, 4.[1]

The plaintiff has not identified the Doe defendants. Therefore, the court has not ordered the United States Marshal to serve the Doe defendants.[2] Until a defendant is properly identified and served, a defendant has no duty to answer or otherwise respond to a complaint. See Fed.R.Civ.P. 12(a)(1)(A) (defendant must serve answer "within 20 days after being served with the summons and complaint"). Because the Doe defendants have no duty to plead until they are properly identified and served, entry of default judgment against them prior to service is improper. See Fed.R.Civ.P. 55(a) (clerk shall enter default when party against whom judgment is sought has failed to plead).

The plaintiff states that counsel for the named defendants "indicated on the executed Waiver of Service filed with the Court on November 4, 2010, that they were accepting service and thus representing all the named defendants in Plaintiff's amended Complaint . . . ." *Motion*,

---

[1]The plaintiff also alleges that JP Morgan Chase was "negligent in not ensuring that their teller and staff were properly trained regarding the provisions and requirements under the UCC and that those provisions were not adhered to," id. at p. 4, ¶ 5; defendant James Dimon "was negligent in not ensuring that his company's employees followed and adhered strictly to the provisions and requirements of the UCC," id. at ¶ 7; and Dimon was "willfully negligent after being contacted by Plaintiff and being fully informed of the circumstances in this matter and failing to resolve it in a timely matter." Id. at ¶ 8.

[2]The plaintiff is proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915 [Doc. #6].

pp. 1, 2. However, the Waiver of Service of Summons [Doc. #13] does not state that service was waived on behalf of the Doe defendants.[3]

I respectfully RECOMMEND that plaintiff's Motion [Doc. # 14] be DENIED.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed.R.Civ.P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated September 22, 2011.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

---

[3] I also note that because the plaintiff has not identified the Doe defendants, they are not "named" defendants. In addition, separately I recommended that the Complaint be dismissed as to all defendants except JP Morgan Chase. Consequently, any request for default judgment against the Doe defendants is moot.