IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 10-cv-01794-LTB-BNB

CURT ALLEN SIGLER,

Plaintiff,

v.

JPMORGAN CHASE BANK NA,

Defendant.

_____

# ORDER
_____

This matter arises on the following:

1. **Defendant's Motion to Compel Responses to Requests for Production** [Doc. #72, filed 03/06/2012] (the "Motion to Compel"); and

2. **Defendant's Motion for Emergency Hearing Compelling an Out of State Deposition Scheduled for Thursday, January 26, 2012** [Doc. #58, filed 01/24/2012] (the "Motion for Emergency Hearing").

The Motion to Compel [Doc. # 72] is GRANTED. The Motion for Emergency Hearing [Doc. # 58] is DENIED as moot.

## MOTION TO COMPEL

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed.R.Civ.P. 26(b)(1).

Although the rules of discovery are broad, they are not unbounded. A party's right to obtain discovery "may be constrained where the court determines that the desired discovery is unreasonable or unduly burdensome given the needs of the case, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues." Simpson v. University of Colorado, 220 F.R.D. 354, 356 (D.Colo. 2004).

"When the discovery sought appears relevant, the party resisting discovery bears the burden of establishing lack of relevance by demonstrating that the requested discovery either does not come within the broad scope of relevance as defined under Fed. R. Civ. P. 26(b)(1) or is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure." Etienne v. Wolverine Tube, Inc., 185 F.R.D. 653, 656-57 (D.Kan. 1999) (internal quotations and citation omitted). "Conversely, when the request is overly broad on its face or when relevancy is not readily apparent, the party seeking the discovery has the burden to show the relevancy of the request." Owens v. Sprint/United Management Co., 221 F.R.D. 649, 652 (D.Kan. 2004).

On December 8, 2011, the defendant served "Defendant's First Requests for Production of Documents to Plaintiff." *Motion to Compel*, Ex. A. The plaintiff emailed several documents to the defendant on January 3, 2012. Id. at Ex. B. The defendant received "Plaintiff's Response to Defendant's Request for Procuction [sic] of Documents" on January 6, 2012. Id. at Ex. C. The defendant seeks an order compelling the plaintiff to fully respond to Requests Nos. 1, 2, 3, 4, 5, 6, 8, and 9. *Motion to Compel*, ¶ 14.

The plaintiff is proceeding *pro se*, and I must liberally construe his pleadings. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). I cannot act as advocate for a *pro se* litigant, however,

2

who must comply with the fundamental requirements of the Federal Rules of Civil Procedure.

Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

## Request No. 1

The defendant states that the plaintiff has not provided any documents in response to

Request No. 1. *Motion to Compel,* ¶ 5.  Request No. 1 states:

> Produce each letter, e-mail, text or any other form of
> correspondence or communication, whether sent or received by
> you, with Patricia Sigler, now know as Patricia Marchetti,
> regarding the cashier's check at issue in this litigation, including
> but not limited to its deposit into an account at a branch of
> Defendant's bank, the distribution of any funds so deposited, and
> this lawsuit.

Id. at Ex. A, ¶ 1.

The plaintiff responded to Request No. 1 with the following nonsensical ramble:

> Plaintiff can provide all the items requested in #1 of their request
> that Plaintiff has possession of except would argue that it must be
> limited to deposit into an account at a branch of the Defendant's
> Banks.  The matter at hand is a federal question on the illegal
> conversion of an instrument.  The Defendant's cannot argue that
> they had no duties because of something known or not known at
> the time based on something over one (1) year away from
> happening.  Defendant's Request for any information about or in
> the Divorce is irrelevant and protected by Attorney client privilege,
> Attorney-Attorney privilege and husband wife privilege.[1]

Id. at Ex. C, ¶ 1.

In his deposition (taken almost two months after he served his response to the

defendant's request for production), the plaintiff admitted that he has documents responsive to

Request No. 1, and he promised to provide them to defendant.  Id. at Ex. D, 97:1-98:22.  The

---

[1]I have quoted the plaintiff's papers as written, without correction or acknowledgment of error.

3

plaintiff does not explain his failure to do so. *Plaintiff's Response to Motion to Compel* [Doc. #75]. To the contrary, plaintiff's response to the Motion to Compel consists of vague, general objections; immaterial and impertinent statements; and *ad hominem* attacks against the defendant's counsel and others. For example, the plaintiff states that he "does not have access or control of many of the things Respondent requests"; "[t]he requests are broad, irrelevant, too far-reaching, protected and impeachment evidence Plaintiff may or may not choose to use"; "Mr. Biscan has repeatedly answered for the Forger and conspired with the forger to lie to this Court"; "Plaintiff believes that lying to the Court, misleading the Court and withholding information from the Court to be a tactic that the Court should not allow Court Officers to use." The plaintiff's vague and general objections are insufficient to challenge any particular request for production. The plaintiff's use of immaterial and impertinent statements and *ad hominem* attacks are intolerable.

Moreover, the plaintiff does not provide a privilege log to support his claim of privilege. A party resisting discovery based on the attorney-client privilege or work product immunity has the burden of establishing that the privilege applies. Peat, Marwick, Mitchell & Co. v. West, 748 F.2d 540, 542 (10th Cir. 1984). Under Fed.R.Civ.P. 26(b)(5), when a party withholds documents or other information based on privilege, the party must make the claim expressly and must "describe the nature of the documents, communications, or tangible things not produced or disclosed--and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim."

To satisfy the burden established by Rule 26(b)(5), the party asserting the privilege must provide a privilege log that describes in detail the documents or information claimed to be

privileged and the precise reasons the materials are subject to the privilege asserted. See McCoo v. Denny's, Inc. 192 F.R.D. 675, 680 (D.Kan. 2000). The information provided in the privilege log must be sufficient to enable the court to determine whether each element of the asserted privilege is satisfied. Id.

In this case, the plaintiff has failed to provide any privilege log from which I can determine whether the withheld information is subject to a privilege. Request No. 1 is relevant and/or reasonably calculated to lead to the discovery of admissible evidence, and the plaintiff admits that he has documents responsive to Request No. 1. Therefore, the defendant's Motion is granted as to Request No. 1. The plaintiff must produce all documents responsive to this request.

## Request No. 2

The defendant states that although the plaintiff has provided two letters in response to Request No. 2, he admits that he has additional documents including faxes. *Motion to Compel*, ¶ 6; Ex. D, 98:23-99:5. Request No. 2 requests all correspondences with JP Morgan Chase. Id. at Ex. A, p. 2, ¶ 2. Request No. 2 is relevant and/or reasonably calculated to lead to the discovery of admissible evidence. The plaintiff did not object to Request No. 2, id. at Ex. 2, ¶ 2, and he does not explain why he has not produced additional documents that are responsive to Request No. 2. *Plaintiff's Response to Motion to Compel* [Doc. #75].

The defendant's Motion is granted as to Request No. 2. The plaintiff must produce all documents responsive to this request.

## Request No. 3

The defendant states that the plaintiff has refused to produce any documents in response to Request No. 3 on the basis of relevance. *Motion to Compel*, ¶ 7 and Ex. C, ¶ 3. Request No. 3 states:

> Produce each letter, e-mail, text, or any other form of correspondence or communication with any other person or entity, including but not limited to any child, step-child, or other relative by blood or marriage of yours, Dann Porter, and Guaranty Bank . . . whether sent or received by you, regarding the cashier's check at issue in this litigation, including but not limited to its deposit into an account at a branch of Defendant's bank, the distribution of any funds so deposited, and this lawsuit.

Id. at Ex. A, pp. 2-3, ¶ 3.

The plaintiff objected to the request by stating:

> Plaintiff objects to the whole #3, Plaintiff cannot remember everyone he has spoken to or talked to or not about this Cashier's Check Forgery. Plaintiff has talked to many people about many things one of which could be this check forgery. Whom the Plaintiff has spoken to about this case or not and what they have said or not is irrelevant to this case against JP Morgan Chase, NA. Plaintiff has the freedom of association and would hold that this is all irrelevant except for Guarantee Bank and Trust which they have named and they will answer for themselves. Plaintiff has no contact with Guarantee Bank and trust that Chase does not have but Plaintiff will find that information and send it.

Id. at Ex. C, ¶ 3.

Subsequently, the plaintiff admitted to possessing documents responsive to Request No. 3, and he promised to provide them to the defendant. Id. at Ex. D, 100:1-104:10. Request No. 3 seeks relevant information and/or information reasonably calculated to lead to the discovery of admissible evidence. Therefore, the Motion is granted as to Request No. 3, and the plaintiff shall produce all documents responsive to Request No. 3.

**Request No. 4**

Request No. 4 seeks "each and every document pertaining to your divorce from Patricia Sigler, now known as Patricia Marchetti." Id. at Ex. A, p. 3, ¶ 4. The plaintiff objected to the request as irrelevant. Id. at Ex. C, ¶ 4. The defendant states that the plaintiff's filings in this case are replete with references to the divorce and its financial consequences, and that documentation of the divorce, including affidavits of financial condition, are relevant. *Motion to Compel*, ¶ 8. While the relevance of the information appears tenuous, the scope of discovery is very broad, and the information may lead to the discovery of admissible evidence. The Motion is granted as to Request No. 4. The plaintiff shall produce all documents responsive to the request.

### Request No. 5

Request No. 5 seeks "copies of every recording of any communication with any employee, agent, representative, and any person associated in any way with J. P. Morgan Chase Bank, NA." Id. at Ex. A, ¶ 5. The plaintiff admits to having two audio recordings and states that he "is doing everything he can to get a audible copy of this hand electronic recording, but has not succeeded yet with anything but screeches." Id, at Ex. C, ¶ 5. The information sought in Request No. 5 is relevant. Therefore, the Motion is granted as to Request No. 5. The plaintiff shall produce copies of all recordings that are responsive to Request No. 5.

### Request No. 6

Request No. 6 states:

> Produce copies of every recording of any communication with Patricia Sigler, now known as Patricia Marchetti, Dann Porter,[2] or any other person pertaining to the divorce between you and

---

[2] Mr. Porter has acted as an "advisor" to the plaintiff. *Scheduling Order* [Doc. #48], § 6b.

> Patricia Sigler, now known as Patricia Marchetti, the cashiers check at issue in this litigation, the distribution of funds from that cashier's check, or this lawsuit.

Id. at Ex. A, ¶ 6.

The plaintiff objected to the request on the ground that the divorce is irrelevant to this action. Id. at Ex. C, ¶ 6. He states that the forgery in 2008 caused the divorce in 2009, and "the divorce a listed harm by the plaintiff." Id.

The information sought in Request No. 6 is relevant and/or reasonably calculated to lead to the discovery of admissible evidence. Accordingly, the Motion is granted as to Request No. 6, and the plaintiff shall produce copies of all recordings responsive to the request.

**Requests Nos. 8 and 9**

Request No. 8 seeks "all emails, checks and documents referenced in your email to Matthew Y. Biscan dated November 4, 2011, 1:34 pm" and "all document referenced in your email to Matthew Y. Biscan dated October 31, 2011, 4:08 pm." Id. at Ex. A, ¶¶ 8-9. The plaintiff admits that he has responsive documents, id. at Ex. C, ¶¶ 8-9, but he has not produced them. *Motion*, ¶ 12. The documents appear to be relevant and/or reasonably calculated to lead to the discovery of admissible evidence. The Motion is granted as to Requests Nos. 8 and 9, and the plaintiff shall produce all responsive documents.

**MOTION FOR EMERGENCY HEARING**

The defendant filed this motion on January 24, 2012. The motion requests that the court conduct an emergency hearing because the plaintiff is refusing to attend his deposition on January 26, 2012. However, the plaintiff attended his deposition on January 26, 2012. *Motion to Compel*, Ex. D. Accordingly, the Motion for Emergency Hearing is moot.

IT IS ORDERED:

1. Defendant's Motion to Compel Responses to Requests for Production [Doc. #72] is GRANTED;

2. Defendant's Motion for Emergency Hearing Compelling an Out of State Deposition Scheduled for Thursday, January 26, 2012 [Doc. #58] is DENIED as moot; and

3. On or before **April 18, 2012**, the plaintiff shall produce to the defendant all documents and copies of recordings that are responsive to Requests Nos. 1, 2, 3, 4, 5, 6, 8, and 9.

Dated April 4, 2012.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge