IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 10-cv-01794-LTB-BNB

CURT ALLEN SIGLER,

Plaintiff,

v.

JPMORGAN CHASE BANK NA,

Defendant.

_____

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

This matter arises on the following (the "Motions"):

1. **Plaintiff's Request for Injunctive Relief from Defendants and Order for Defendants to Work with Plaintiff's Disabilities as Plaintiff Believes Defendants Were Already Directed to Do and Order to Produce Documents Defendants Have in Their Control** [Doc. #54, filed 01/03/2012] (the "First Motion for Injunctive Relief");

2. **Plaintiff's Request for Emergency Injunctive Relief** [Doc. #61, filed 02/13/2012] (the "Second Motion for Injunctive Relief");

3. **Plaintiff's Motion for Injunctive Relief** [Doc. #62, filed 02/13/2012] (the "Third Motion for Injunctive Relief"); and

4. **Plaintiff's Motion for Summary Judgment** [Doc. #63, filed 02/13/2012] (the "Motion for Summary Judgment").

The Motions are frivolous, and I respectfully RECOMMEND that they be DENIED.

The plaintiff is proceeding *pro se*, and I must liberally construe his pleadings. <u>Haines v. Kerner</u>, 404 U.S. 519, 520-21 (1972). I cannot act as advocate for a *pro se* litigant, however, who must comply with the fundamental requirements of the Federal Rules of Civil Procedure. <u>Hall v. Bellmon</u>, 935 F.2d 1106, 1110 (10th Cir. 1991).

## FIRST MOTION FOR INJUNCTIVE RELIEF

The plaintiff's First Motion for Injunctive Relief contains twenty four typewritten, single-spaced paragraphs. The plaintiff complains of numerous alleged wrongs. The motion is rambling and at times incomprehensible.

As a preliminary matter, the plaintiff does not certify that he served the motion on the defendant. Copies of papers filed in this court must be served on counsel for all other parties (or directly on any party acting *pro se*) in compliance with Rule 5, Fed. R. Civ. P. Rule 5 provides that all pleadings filed after the original complaint and all written motions, notices, demands, or any similar paper must be served on every party. Fed. R. Civ. P. 5(a). "If a party is represented by an attorney, service under this rule must be made on the attorney . . . ." Fed. R. Civ. P. 5(b). Service upon other parties may be by mail. <u>Id.</u> Proof that service has been made is provided by a certificate of service. <u>Id.</u> at 5(d). This certificate should be filed along with the original papers and should show the day and manner of service. <u>Id.</u> In addition, the local rules of this court require that all typewritten papers be double-spaced. D.C.COLO.LCivR 10.1E.

The nature of the injunctive relief sought by the plaintiff is not clear. The motion is filled with rambling complaints regarding the defendant's behavior, but it seeks specific relief only in terms of ordering the defendant to "work with his disabilities"; compelling the defendant to

produce discovery; placing into the record settlement offers between the parties; and combining "two cases into one." *First Motion for Injunctive Relief*, ¶¶ 3, 4, 17 and Caption.

Injunctive relief is a drastic remedy and is granted only in cases where the right to relief is clearly established. Goldammer v. Fay, 326 F.2d 268, 270 (10th Cir. 1964). The burden is on the movant to establish his right to the relief requested. Penn v. San Juan Hospital, Inc., 528 F.2d 1181, 1185 (10th Cir. 1975). To obtain a preliminary injunction under Rule 65(a), the plaintiff must show that (1) he will suffer irreparable injury unless the injunction issues; (2) the threatened injury to the moving party outweighs whatever damage the proposed injunction may cause the opposing party; (3) the injunction, if issued, would not be adverse to the public interest; and (4) there is a substantial likelihood that the moving party will eventually prevail on the merits. Lundgrin v. Claytor, 619 F.2d 61, 63 (10th Cir.1980). The plaintiff's right to relief must be clear and unequivocal. Penn, 528 F.2d at 1185.

The plaintiff does not discuss any of the Lundgrin factors. Consequently, he has not sustained his burden to establish clearly and unequivocally his right to injunctive relief.

Insofar as the plaintiff complains that the defendant has refused to produce requested documents, *First Motion for Injunctive Relief*, ¶¶ 1, 2, 3, 5, 6, 11, 12, 19, 20, the discovery requests and responses are not attached to the Motion, and the plaintiff does not set forth verbatim his requests and the defendant's responses to those requests. Local rule of practice 37.1, D.C.COLO.LCivR, specifies the form of discovery motions as follows:

> A motion under Fed. R. Civ. P. 26 or 37 directed to an interrogatory, request, or response under Fed. R. Civ. P. 33 or 34 shall either set forth in the text of the motion the specific interrogatory, request, or response to which the motion is directed, or an exhibit that contains the interrogatory, request, or response shall be attached.

3

This is an important requirement. I cannot rule on a motion to compel in an informed manner unless I know precisely the discovery requested and the response.

Moreover, the defendant asserts, and the plaintiff does not dispute, that the plaintiff did not serve his first request for production of documents until January 2, 2012--one day before he filed his First Motion for Injunctive Relief. *Defendant's Response* . . . . [Doc. #57] (the "Response to First Motion for Injunctive Relief"), ¶ 3 and Ex. D. The defendant is not required to respond to a request for production until 30 days after the date of service, Fed.R.Civ.P. 34IbO(2)(A), and the plaintiff is permitted to file a motion to compel only after attempts to obtain discovery pursuant to the appropriate rules of discovery have failed. Fed. R. Civ. P. 37. The plaintiff's motion to compel is premature and is a waste of the court's time and resources.

## SECOND AND THIRD MOTIONS FOR INJUNCTIVE RELIEF

In his Second and Third Motions for Injunctive Relief, the plaintiff states that there are criminal actions pending against him in Broomfield and Adams Counties. He seeks an order from this court dismissing with prejudice the criminal charges against him; staying the criminal proceedings; quashing all warrants in the criminal cases; "Releasing the Bail Bonds on the Plaintiff"; "releasing the Bondsman from any liability"; and setting a hearing to determine if the criminal cases were filed to "try and stop this action." *Second Motion for Injunctive Relief*, pp. 3-4; *Third Motion for Injunctive Relief*, ¶ 6. Again, the plaintiff does not discuss the Lundgrin factors. Therefore, he has not carried his burden for injunctive relief.

Moreover, interference in the criminal proceedings is barred by the Younger abstention doctrine. The Tenth Circuit Court of Appeals has explained Younger abstention as follows:

> Under the Younger abstention doctrine, federal courts should not
> interfere with state court proceedings by granting equitable relief--

>such as injunctions of important state proceedings or declaratory
>judgments regarding constitutional issues in those proceedings--
>when a state forum provides an adequate avenue for relief.
>Younger abstention is non-discretionary; the district court must
>abstain once the conditions are met, absent extraordinary
>circumstances. As [the] court stated in Amanatullah [v. State Bd.
>Of Medical Examiners, 187 F.3d 1160 (10th Cir. 1999)]:
>
>A federal court must abstain from exercising jurisdiction when:
>(1) there is an ongoing state criminal, civil, or administrative
>proceeding, (2) the state court provides an adequate forum to hear
>the claims raised in the federal complaint, and (3) the state
>proceedings "involve important state interests, matters which
>traditionally look to state law for their resolution or implicate
>separately articulated state policies.

Weitzel, 240 F.3d at 875 (internal citations omitted).

The plaintiff alleges that the criminal proceedings are on-going. Further, he states that the charges against him are for stalking, breaking and entering, and attempting to harm individuals. *Second Motion for Injunctive Relief*, ¶¶ 8-10. He states that the criminal complaints were filed against him "with the sole purpose of disrupting" this action--a defense that he can assert in the state courts. Id. at ¶ 11. In addition, the state charges are matters traditionally determined by state law. Thus, the three requirements of Younger abstention have been met, and this court must abstain from jurisdiction over the plaintiff's Second and Third Motions for Injunctive Relief.

## MOTION FOR SUMMARY JUDGMENT

In ruling on a motion for summary judgment, the facts must be viewed in the light most favorable to the party opposing the motion and that party must be afforded the benefit of all reasonable inferences to be drawn from the evidence. Adickes v. S. H. Kress & Co., 398 U.S. 144, 157 (1970). Summary judgment shall be rendered "if the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The moving party bears the initial burden of demonstrating by reference to portions of pleadings, discovery and disclosure materials on file, and any affidavits, the absence of genuine issues of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). "The moving party may carry its initial burden either by producing affirmative evidence negating an essential element of the nonmoving party's claim, or by showing that the nonmoving party does not have enough evidence to carry its burden of persuasion at trial." Trainor v. Apollo Metal Specialties, Inc., 318 F.3d 976, 979 (10th Cir. 2002).

The party opposing the motion is then required to go beyond the pleadings and designate evidence of specific facts showing that there is a genuine issue for trial. Celotex, 477 U.S. at 324. Only admissible evidence may be considered when ruling on a motion for summary judgment. World of Sleep, Inc. v. La-Z-Boy Chair Co., 756 F.2d 1467, 1474 (10th Cir. 1985).

The plaintiff submits two affidavits in support of his Motion for Summary Judgment. The first affidavit consists of eleven single-spaced typewritten pages. *Attachment to Motion for*

*Summary Judgment* (the "First Affidavit"). The second affidavit consists of three single-spaced typewritten pages. *Plaintiff's Affidavit* [Doc. #64] (the "Second Affidavit"). The affidavits are filled with rambling and superfluous statements. The plaintiff does not identify any undisputed facts in the motion or the affidavits, nor does he cite any legal authority entitling him to summary judgment. Moreover, most of the First and the entire Second Affidavit are unsworn.[1]

The only remaining claim in this case is for conversion of a negotiable instrument. The plaintiff has failed to establish the existence of material nondisputed facts which entitle him to judgment as a matter of law on the conversion claim. The Motion for Summary Judgment is frivolous, and it should be denied.

## ABUSIVE FILING CONDUCT

The Motions are redundant and prolix. They contain immaterial and impertinent statements and *ad hominem* attacks against the defendant's counsel and others. See e.g., *Motion for Summary Judgment*, attached affidavit, pp. 5, 7, 11. I find that the plaintiff is engaged in a pattern of abusive conduct.

As the Tenth Circuit Court of Appeals has made clear:

> [T]he right of access to the courts is neither absolute nor unconditional, and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious. No one, rich or poor, is entitled to abuse the judicial system.

Tripati v. Beaman, 878 F.2d 351, 353 (10th Cir. 1989).

---

[1] The first affidavit contains a declaration that the statements contained in pages seven through eleven are accurate and truthful, under penalty of perjury. *First Affidavit*, p. 7, ¶ 1. Whenever any rule requires that a matter be supported by affidavit, such matter may be supported by an unsworn declaration which is subscribed by the author as true under penalty of perjury and dated. 28 U.S.C. § 1746.

The plaintiff's filings have placed an unnecessary burden on the court. Consequently, the plaintiff shall cease filing redundant and/or frivolous papers and papers containing immaterial and impertinent statements and *ad hominem* attacks. Failure to do so may result in sanctions, including dismissal of this case with prejudice.

I respectfully RECOMMEND that the Motions [Docs. ## 54, 61, 62, and 63] be DENIED.

FURTHER, IT IS ORDERED:

(1) All future papers shall be double-spaced, served on counsel for the defendant in accordance with Rule 5, Fed. R. Civ. P., and shall be accompanied by a proper Certificate of Service;

(2) The plaintiff shall limit the captions of his papers to ten words or less;

(3) The plaintiff's papers shall not contain immaterial or impertinent statements or *ad hominem* attacks;

(4) Failure to comply with these orders may result in sanctions, including dismissal of this case with prejudice; and

(5) Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed.R.Civ.P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the

district court or for appellate review.  <u>United States v. One Parcel of Real Property</u>, 73 F.3d 1057, 1060 (10th Cir. 1996).

       Dated April 4, 2012.

                                            BY THE COURT:

                                             s/ Boyd N. Boland
                                            United States Magistrate Judge