IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 10-cv-01794-LTB-BNB

CURT ALLEN SIGLER,

Plaintiff,

v.

JPMORGAN CHASE BANK NA,

Defendants.
_____

# ORDER
_____

This matter arises on **Plaintiff's Amended Complaint** [Doc. #83, filed 05/09/2012] (the "Proposed Amended Complaint") and **Plaintiff's Amended Affidavit** [Doc. #84, filed 05/09/2012] (the "Attachments").  The Proposed Amended Complaint and Attachments are STRICKEN.

The plaintiff has submitted a Proposed Amended Complaint which adds defendants and claims.  The Proposed Amended Complaint is not accompanied by a motion.

I have previously stricken [Doc. #78] a proposed amended complaint [Doc. #49] submitted by the plaintiff.  The plaintiff was informed at the Scheduling Conference and in Document #78 that in order to amend his Complaint "he must file a motion to amend his Complaint; the motion must state who the additional defendants are; why they are being added; and why he has delayed adding the parties."  I further informed the plaintiff that he must attach to the motion a copy of the proposed amended complaint.  Once again, the plaintiff did not file a motion to amend his Complaint; he simply submitted the Proposed Amended Complaint.

In addition, the Proposed Amended Complaint suffers from many deficiencies. It is filled with immaterial and impertinent statements. The plaintiff does not make clear the actions or inactions of each defendant and how those actions or inactions violate the numerous claims he cites. The Proposed Amended Complaint is not submitted on the court's standard complaint form. "A *pro se* party shall use the forms established by this court to file an action." D.C.COLO.LCivR 8.1A.

The only remaining claim in this case is for conversion of a negotiable instrument. The Proposed Amended Complaint does not contain this claim. The plaintiff may not amend his Complaint by filing a supplemental complaint, and he may not incorporate by reference his original Complaint into the proposed amended complaint. Rather, the proposed amended complaint must stand alone; it must contain <u>all</u> of the plaintiff's claims. <u>Mink v. Suthers</u>, 482 F.3d 1244, 1254 (10th Cir. 2007) (stating that "an amended complaint supercedes an original complaint and renders the original complaint without legal effect").

Finally, I have previously addressed the plaintiff's abusive filing conduct [Doc. #80], including the filing of papers containing immaterial and impertinent statements. In doing so, I ordered the plaintiff to "cease filing redundant and/or frivolous papers and papers containing immaterial and impertinent statements and *ad hominem* attacks." I warned the plaintiff that failure to do so "may result in sanctions, including dismissal of this case with prejudice."

IT IS ORDERED:

1. The Proposed Amended Complaint [Doc. #83] and the Attachments [Doc. #84] are STRICKEN;

      2.  Any future proposed amended complaint shall be accompanied by a motion and shall comply with this order.  The complaint shall be submitted on the court's form. The background statement shall briefly summarize the plaintiff's case and shall not exceed one double-spaced typewritten page.  Each claim shall be stated separately.  Each claim shall state which defendant(s) the claim is brought against and shall briefly allege facts sufficient to state a claim for relief.  Each claim shall not exceed two typewritten pages, double-spaced;

      3.  The plaintiff's papers shall not contain immaterial or impertinent statements; and

      4.  Failure to comply with this order or any previous order of the court will result in sanctions, including possibly the dismissal of this case with prejudice.

Dated May 11, 2012.

                                      BY THE COURT:

                                      s/ Boyd N. Boland
                                      United States Magistrate Judge