IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 10-cv-01794-LTB-BNB

CURT ALLEN SIGLER,

Plaintiff,

v.

JPMORGAN CHASE BANK NA,

Defendant.
_____

**ORDER AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

This matter arises on **Defendant's Motion for Sanction of Dismissal, or in the Alternative for an Enlargement of Time in Which to Respond to Recent Filings of Plaintiff** [Doc. #117, filed 09/26/2012] (the "Motion for Sanctions").  I have already addressed the defendant's request for enlargement of time [Doc. #119].  I respectfully RECOMMEND that the Motion for Sanctions be GRANTED.  Further, IT IS ORDERED that Docs. ## 90, 92, 94, 96, 101, 103, 105, 106, 107, 108, 109, 110, 111, 112, 114, 115, 116, 120, 122, 123, 125, 126, 128, 133, and 134 are STRICKEN.

The plaintiff is proceeding *pro se*, and I must liberally construe his pleadings.  Haines v. Kerner, 404 U.S. 519, 520-21 (1972).  I cannot act as advocate for a *pro se* litigant, however, who must comply with the Federal Rules of Civil Procedure, the local rules of this court, and the orders of this court.  See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

The defendant seeks dismissal of the Complaint as a sanction for the plaintiff's abusive filing conduct.  I have made repeated attempts to direct the plaintiff to cease his abusive conduct

and to follow the Federal Rules of Civil Procedure, the local rules of this court, and court orders. I have also repeatedly warned the plaintiff that his failure to comply with my directives would result in dismissal of his case with prejudice. The plaintiff has blatantly ignored my orders and warnings and has inundated the case file with improper filings.

## BACKGROUND

1. On April 5, 2011, I denied [Doc. #27] the plaintiff's request to be exempted from paying for the court's electronic PACER system. In doing so, I noted that he had not certified that he served a copy of his motion on defense counsel. I explained the requirement, and I ordered that all papers be served on the defendants in accordance with Rule 5, Fed. R. Civ. P., and be accompanied by a proper Certificate of Service. I warned the plaintiff that failure to comply with my order could result in sanctions, including dismissal of his case.

2. On April 4, 2012, I struck [Doc. #78] the plaintiff's tendered amended complaint. I had previously informed the plaintiff that in order to add parties, he must file a motion to amend his Complaint and the motion must state who the additional defendants are, why they are being added, and why he delayed in seeking the amendment. I further informed the plaintiff that he must attach to the motion a copy of the proposed amended complaint. The plaintiff did not file a motion to amend his Complaint; he simply submitted the proposed amended complaint.

3. On April 4, 2012, I granted [Doc. #79] the defendant's motion to compel. I noted that the plaintiff's response to the motion contained immaterial and impertinent statements and *ad hominem* attacks against the defendant's counsel and others. I cautioned the plaintiff that his use of immaterial and impertinent statements and *ad hominem* attacks was would not be tolerated.

4. On April 4, 2012, I found that the plaintiff's three motions for injunctive relief and his motion for summary judgment were frivolous, and I recommended that they be denied [Doc. #80].[1] I again explained the requirement for service on the defendants and certification of that service and ordered all future papers to be properly served and certified. In addition, I found that the plaintiff was engaged in abusive filing conduct, and I ordered him to cease filing redundant and/or frivolous papers and papers containing immaterial and impertinent statements and *ad hominem* attacks:

> The Motions are redundant and prolix. They contain immaterial and impertinent statements and ad hominem attacks against the defendant's counsel and others. See e.g., *Motion for Summary Judgment*, attached affidavit, pp. 5, 7, 11. I find that the plaintiff is engaged in a pattern of abusive conduct.
>
> As the Tenth Circuit Court of Appeals has made clear:
>
> "[T]he right of access to the courts is neither absolute nor unconditional, and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious. No one, rich or poor, is entitled to abuse the judicial system." Tripati v. Beaman, 878 F.2d 351, 353 (10th Cir. 1989).
>
> The plaintiff's filings have placed an unnecessary burden on the court. Consequently, the plaintiff shall cease filing redundant and/or frivolous papers and papers containing immaterial and impertinent statements and *ad hominem* attacks.

I warned the plaintiff that failure to comply with my orders could result in sanctions, including dismissal of his case with prejudice. In addition, pursuant to the Younger abstention doctrine, I denied the plaintiff's request to interfere with criminal cases pending against him in

---

[1] The recommendation was accepted by the district judge on April 23, 2012 [Doc. #82].

3

Broomfield and Adams Counties. I reminded the plaintiff that the only remaining claim in this case is for conversion of a negotiable instrument.

5. On May 11, 2012, I struck [Doc. #85] another proposed amended complaint because it was not accompanied by a motion to amend. In addition, I found that the proposed amended complaint was filled with immaterial and impertinent statements; it was not submitted on the court's standard complaint form; and the plaintiff did not make clear the actions or inactions of each defendant and how those actions or inactions violate the numerous cited claims. In addition to striking the proposed amended complaint, I ordered:

> 2. Any future proposed amended complaint shall be accompanied by a motion and shall comply with this order. The complaint shall be submitted on the court's form. The background statement shall briefly summarize the plaintiff's case and shall not exceed one double-spaced typewritten page. Each claim shall be stated separately. Each claim shall state which defendant(s) the claim is brought against and shall briefly allege facts sufficient to state a claim for relief. Each claim shall not exceed two typewritten pages, double-spaced;
>
> 3. The plaintiff's papers shall not contain immaterial or impertinent statements; and
>
> 4. Failure to comply with this order or any previous order of the court will result in sanctions, including possibly the dismissal of this case with prejudice.

## PLAINTIFF'S SUBSEQUENT FILINGS

My directives and warnings notwithstanding, the plaintiff has littered the case file with numerous inappropriate filings. I briefly summarize the filings as follows:[2]

---

[2] My summaries do not include all of the redundancies, immaterial and impertinent statements, and *ad hominem* attacks found in the plaintiff's filings.

1. "Plaintiff's Brief on Interference" [Doc. #90] is a 22 page rant about his ex-wife, Patricia Marchetti, and her previous employer, Cooper Tanis and Cohen, P.C. ("CT&C) and their alleged concerted efforts to negatively impact a state court divorce proceeding and state court criminal proceedings against him. The brief is immaterial and impertinent to the plaintiff's remaining claim for conversion of a negotiable instrument. Moreover, the brief contains *ad hominem* attacks against Ms. Marchetti and the defendant's counsel, Mr. Biscan. For example, the plaintiff refers to "the misrepresentations and lies of Mr. Biscan," id. at p. 2, and claims that he is "under attack for CT&C and Patricia's lies and perjuries and they continue to grow every day with every lie and action by CT&C and Patricia and Chase's Mr. Biscan." Id. at p. 19.

2. In his "Notice and Motion of Motion [sic] for Emergency Writ of Mandamus" [Doc. #92], the plaintiff requests that the court interfere in state criminal proceedings against him, despite my previous order informing him that the court would abstain from interfering with the state criminal proceedings pursuant to the Younger abstention doctrine. The plaintiff does not certify service on defendant's counsel.

3. In an "Emergency Writ of Mandamus Ex-Parte," [Doc. #94], the plaintiff again requests that the court interfere in state criminal proceedings against him. In addition, he accuses Ms. Marchetti and CT&C of perjury. The plaintiff does not certify the he served the paper on counsel for defendant.

4. Five days later, the plaintiff filed another "Ex-Parte Motion for Immediate Relief" [Doc. #96], wherein he requests that the court order Adams County and Broomfield County "to cease and desist all criminal actions against" him. He accuses Ms. Marchetti of "perjury and lies." The plaintiff does not certify that he served the motion on counsel for defendant.

5.  Sixteen days later, the plaintiff filed "Plaintiff's Ex-Parte Motion for Relief" [Doc. #101]. He again requests that the court order the state courts to "cease and desist all claims and actions" against him; accuses Ms. Marchetti of perjury and slander; and asserts that defendant's counsel "has repeatedly lied to Plaintiff about the whereabouts of" Ms. Marchetti. He does not certify that he served the motion on defendant's counsel.

6.  Next, the plaintiff filed a "Brief in Support of Injunctive Relief" [Doc. #103]. He claims that the defendant filed false affidavits by Ms. Marchetti and made false claims about her; CT&C "unethically and illegally represented Patricia in the divorce action where they suborned perjury and manipulated evidence and then the Court when Judge Stapp caught them in their lies and schemes"; accuses defendant's counsel of lying and handling this case in bad faith; claims that CT&C "manipulated" a state court hearing "from Judge Stapp to their conspirator . . . Judge Ensor"; and asserts "criminal and unethical and illegal actions of Patricia" and CT&C. He requests that the court relieve him from his incarceration. He does not certify that he served the brief on defendant's counsel.

7.  On September 10, 2012, the plaintiff filed "Plaintiff's Answer to Defendant's Motion for Summary Judgment" [Doc. #105]. The response was due on June 4, 2012 [Doc. #89]. The plaintiff did not file a recognizable request for an extension of time to respond to the defendant's summary judgment motion, nor did the court grant him an extension. The plaintiff accuses the defendant of using "perjurious affidavits knowingly in an attempt to deprive plaintiff of his property and rights"; "disputes any final divorce order"; accuses defense counsel of hiding Ms. Marchetti from him and being a liar; accuses Ms. Marchetti of perjury; complains that he is being held unlawfully in the Broomfield County jail; and states that "justice will come to

Patricia, Mr. Biscan, Cooper, Tanis and Cohen P.C. and all of us when God judges mankind" and that he "feels sorrow for the liars, thieves and oath breakers because the Bible is clear of their judgement." He does not certify that he served the paper on defendant's counsel.

      8. Also on September 12, 2012, the plaintiff filed "Plaintiff's Answer and Statement of Facts" [Doc. #106]. This paper is another response to the defendant's motion for summary judgment. The plaintiff calls defense counsel a liar and "a deceitful person" and accuses him of filing affidavits from Ms. Marchetti that "are filled with lies and contradictions." He also accuses Ms. Marchetti and CT&C of lying and perjury "so many times that they had to violate Colorado divorce laws and change judges so they all weren't disbarred." He states that he has proven Ms. Marchetti and CT&C "to be evil liars to Judge Stapp." He does not certify that he served the paper on defendant's counsel.

      9. The plaintiff filed a second "Statement of Facts" [Doc. #107] on September 12, 2012, which actually addresses his remaining claim. However, he does not certify that he served it on counsel for the defendant.

      10. On September 14, 2012, the plaintiff filed four papers. First is a paper titled "Brief in Support of Motions" [Doc. #108]. The plaintiff states that Ms. Marchetti "has shown repeatedly to be a liar, a thief and a vindictive un-Godly person . . . [CT&C] were also caught in their many lies and suborning perjury which is why Plaintiff was never given a Final Order . . . ." He also states that "Mr. Biscan has apparently either been duped by CT&C and Patricia or is a liar and co-conspirator since we know he lied about Patricia's whereabouts on audiotape, one must assume Mr. Biscan is a liar." He requests that he be "immediately released" from the

custody of the state court and that this case be "joined" with all his other cases. The plaintiff does not certify that he served the brief on counsel for defendant.

11.   Second is a "Brief in Support of Joinder" [Doc. #109]. The plaintiff states that he "would love to Joinder the check issue with CT&C's unethical and illegal actions in the divorce. Chase has nice deep pockets . . . ." He asserts that "Mr. Biscan has repeatedly misrepresented the facts of the divorce and has outright lied to Plaintiff. . . . Biscan makes several claims that are outright misrepresentations or perjury." He accuses Ms. Marchetti of being a liar and a thief. The plaintiff does not certify that he served the brief on counsel for defendant.

12.   Third, the plaintiff filed a "Jury Demand by Plaintiff" [Doc. #110]. The plaintiff states "Patricia can explain her many lies to this Court"; "Mr. Biscan was caught lying and their star witness has a litany of lies and perjury"; and "Patricia lies a lot." The plaintiff does not certify that he served the paper on counsel for defendant.

13.   Fourth, the plaintiff filed a "Notice and Motion for Appeal" [Doc. #111]. This is an attempt by the plaintiff to appeal his divorce in this court. In doing so, he refers to "Judge Stapp whom CT&C got rid of illegally and used Ensor their pal." He states that "[e]very C.R.S. on Divorce was violated by Patricia, Judge Ensor, Mr. Furman and CT&C"; "Plaintiff has already proven Patricia and CT&C perjurors [sic] and manipulators and liars"; "[n]ever has Plaintiff seen so much unethical, illegal and criminal tripe from so many"; "Patricia (admitted liar and thief)"; and "Plaintiff is stupefied by the corruption, collusion and brashness of all these people!" The plaintiff does not certify that he served the paper on counsel for defendant.

14.   On September 17, 2012, the plaintiff filed a "Motion to Add Claims" [Doc. #112]. He does not attach a proposed amended complaint to his motion, despite my repeated

instructions.  He accuses Ms. Marchetti of being a liar and a thief; he challenges the divorce decree; he states that "Patricia and Mr. Biscan have both been caught in their own lies and deceptions"; "Plaintiff has proven that Patricia's Affidavits and comments are not only lies but perjury"; "Mr. Biscan violat[ed] ethics and Rule 26 F.R.C.P."; and he accuses CT&C and others of being liars.  He demands that Ms. Marchetti and Mr. Biscan be charged with perjury and that he be immediately released from jail.  He further demands that the divorce case be remanded for a final divorce decree in front of Judge Stapp and that criminal charges be filed against unspecified persons.  The plaintiff does not certify that he served the motion on counsel for defendant.

      15.   The next filing is titled "Plaintiff's Final Brief" [Doc. #114].  The plaintiff repeatedly accuses Ms. Marchetti and defense counsel of being liars.  He accuses defense counsel of conspiring with CT&C in the divorce action and accuses CT&C of lying to the judge in the divorce action "so many times that Plaintiff could not begin to cover them all."  He claims that "Mr. Biscan is an accomplice with Patricia, CT&C, Mr. Furman, Judge Ensor, Don Quick and Det. Hammell.  Mr. Biscan got what he asked for, a divorce action tied to a theft and forgery.  Of course when Chase finds out I expect Mr. Biscan may be sued for malpractice and misrepresentation by his clients."  The plaintiff does not certify that he served the brief on counsel for defendant.

      16.   On September 24, 2012, the plaintiff filed a paper titled "UCC Cashier's Check" [Doc. #115].  This is the second filing that actually speaks directly to the plaintiff's remaining claim.  The plaintiff seeks summary judgment in his favor.  However, the Dispositive Motion Deadline was May 14, 2012, and the plaintiff did not request or receive an extension of time to

file a dispositive motion.  In addition, the plaintiff does not certify that he served the paper on counsel for defendant.

17.  Also on September 24, 2012, the plaintiff filed a paper titled "Appeal and Mandamus" [Doc. #116].  The plaintiff states that he is "not making any motion or writ as to" this case.  Instead, he is requesting that this court "take this appeal of his divorce . . . ."  He claims that he "has been robbed, threatened, kidnapped and held for ransom because of Patricia, CT&C, Mr. Furman and their friends.  Colorado and U.S. law was violated over and over by these people in an attempt to cover their crimes."  He complains of his conditions in the Broomfield County jail; claims that CT&C and Mr. Furman should be disbarred and jailed; and accuses a state judge of conspiring with CT&C and Mr. Furman against the plaintiff.  He again requests that the court order Broomfield and Adams Counties "to cease and desist all actions" against him.  He states that he "believes Mr. Biscan to be of low moral quality and believes that all contact between Mr. Biscan and Patricia and CT&C would prove his unethical and criminal actions in the Chase case."  He further states that "Patricia, CT&C and their friends have violated ethics, U.S. law, Col. law and most importantly God's law.  We all will face God one day, what a terrible day that will be for these Godless liars and thiefs!  Praise God for all He does is good!"  The plaintiff does not certify that he served the paper on counsel for defendant.

18.  The plaintiff filed "Plaintiff's Response to Defendant(s)" [Doc. #120] on October 1, 2012.  He states that "Patricia Sigler, Cooper, Tanis and Chen P.C. and Mr. Biscan are **GODAMNED LIARS AND THEIVES**.  This is not an ad hominem attack.  It is a documented **FACT**."  The remainder of the 14 pages are filled with statements which are utterly inappropriate, including: "[p]laintiff . . . has tried to answer all of Mr. Biscan's crap and

hyperbole"; "[n]ow a court was going to hear and see what they had done to cover their asses."; and "Judge Ensor violated CO law and his oath to help save his friends asses." This filing seeks familiar. The plaintiff does not certify that he served the paper on counsel for defendant.

19. In his "Motion for Joinder, Preliminary Injunctions and Enjoining of Third Parties, Brief" [Doc. #122] the plaintiff seeks familiar relief. He calls Mr. Biscan and CT&C "Godless proven liars and thieves." He does not certify that he served the motion on counsel for defendant.

20. On October 18, 2012, the plaintiff' filed a "Motion and Brief to Enjoin 3rd Party" [Doc. #123]. He seeks to amend the Complaint to add Patricia Marchetti as a defendant. The plaintiff does not attach a copy of the proposed amended complaint to his motion. The plaintiff also seeks immediate release from jail, an order directing Adams and Broomfield Counties to "cease and desist all matters," and an order vacating the divorce proceeding. The plaintiff does not certify that he served the motion on counsel for defendant.

21. On October 23, 2012, the plaintiff filed a proposed amended complaint against Chase, his ex-wife, CT&C, Judge Ensor, and Mr. Furman [Doc. #125]. The plaintiff did not file a motion to amend; the proposed amended complaint is not submitted on the court's form; it does not contain a background statement which briefly summarize the plaintiff's case; and it does not contain a separate statement of each claim which states which defendant(s) the claim is brought against and facts sufficient to state a claim for relief. The plaintiff does not certify the he served the proposed amended complaint on counsel for the defendant.

22. The plaintiff also filed a "Motion for Partial Summary Judgment" [Doc. #126] on October 23, 2012. As noted above, the deadline for filing dispositive motions had passed. The

plaintiff did not request or receive an extension of time to file a dispositive motion. The plaintiff does not certify the he served the motion on counsel for the defendant.

23. On October 25, 2012, the plaintiff filed "Plaintiff's Emergency Injuntion [sic] and Brief in Support" [Doc. #128]. The plaintiff rehashes the divorce proceeding, the criminal complaints against him, and the alleged forgery that forms the basis of his remaining claim. He again seeks release from jail. He does not certify the he served the proposed amended complaint on counsel for the defendant.

24. On November 5, 2012, the plaintiff filed a 12 page paper entitled "Jurisdiction" [Doc. #133]. The paper appears to be another attempt to amend the Complaint. As with his other attempts, the plaintiff has failed to comply with the court's orders. The proposed amended complaint is not on the court's form, is not accompanied by a motion to amend, and does not contain a separate statement of each claim which states which defendant(s) the claim is brought against and facts sufficient to state a claim for relief. The plaintiff does not certify the he served the proposed amended complaint on counsel for the defendant.

25. Finally, the plaintiff filed a "Brief in Support of Complaint" [Doc. #134]. He again accuses Ms. Marchetti of being a liar and committing perjury. He also accuses CT&C of acting unethically and illegally. He accuses Judge Ensor of protecting his friends' "criminal and illegal actions." He states that Mr. Furman and CT&C should be disbarred and that "Mr. Shih is plainly a Scumbag!" He accuses the District Attorney, Mr. Quick, of being a liar, unethical, and unGodly. He states that he "is happy for the internet and the ability to deciminate [sic] information to the voters of Mr. Quick as well as the knowledge one day, as we all will, he will face GOD for his actions and deeds, I dare say Patricia and Sodom and Gomorra will fare better

than Mr. Quick the unabashed criminal scumbag!" The plaintiff goes on to state that he knows "this seems ad hominem, [but] it is a 'RIGHT' to question elected people and a 'DUTY' to call out the scumbags and tyrants." He "seek[s] justice and to be made whole as well as protecting others from these people and their tyrannical evil ways." The plaintiff does not certify the he served the brief on counsel for the defendant.

All of these filings are in violation of my previous orders. They contain redundant, immaterial, impertinent, and frivolous matters, and *ad hominem* attacks against defense counsel and others. The plaintiff's attempts to amend his Complaint ignore the clear and specific directives I have provided. The plaintiff has failed to certify service of all but one of the papers. He claims that he does not have to serve the papers he has filed ex parte, but does not provide any cogent basis for filing the motions ex parte.[3] With respect to filings made while he was incarcerated in the Broomfield County jail, the plaintiff summarily states that he cannot send copies to defense counsel because the jail does not allow him to make photocopies. However, he is required to serve his papers on counsel for the defendant, even if he has to use carbons or handwrite the defendant's duplicate copy.

---

[3]The local rules of this Court prohibit ex parte communication with judicial officers:

> In the absence of previous authorization, no attorney or party to any proceeding shall send letters, pleadings or other papers or copies directly to a judicial officer. Unless otherwise instructed, all matters to be called to a judicial officer's attention shall be submitted through the clerk, with copies served on all other parties or their attorneys.

D.C.COLO.LCivR 77.2.

Rule 41(b), Fed. R. Civ. P., allows a court upon motion of a defendant to dismiss a case if the plaintiff fails to comply with the Federal Rules of Civil Procedure or a court order. Unless the court in its order for dismissal otherwise specifies, the dismissal "operates as an adjudication upon the merits." Although dismissal is a drastic sanction, it is appropriate in cases of willful misconduct. Before imposing dismissal as a sanction, however, a district court must evaluate appropriate factors, including the following:

> (1) the degree of actual prejudice to the [other party]; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions. Only when the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits is dismissal an appropriate sanction.

Ehrenhaus v. Reynolds, 965 F.2d 916, 921 (10th Cir. 1992) (internal quotations and citations omitted). The circuit court also acknowledged in Ehrenhaus that "dismissal represents an extreme sanction appropriate only in cases of willful misconduct." Id. at 920.

Applying the Ehrenhaus factors, I find that the defendant has been prejudiced by the plaintiff's behavior. The defendant was required to respond to many of the plaintiff's motions, all of which are denied or stricken. Moreover, the defendant has not received the majority of the plaintiff's filings and has been forced to obtain them independently by monitoring the docket. These are burdens that a defendant is not required to shoulder.

The plaintiff's repeated misconduct has substantially interfered with the judicial process. The plaintiff has littered the case file with frivolous, irrelevant, and inappropriate papers which do not meaningfully address the pertinent issues in the case. This has resulted in tremendous additional work for the court.

The plaintiff is obviously culpable. He has been ordered to serve all papers on the defendant; warned that any attempt to amend his Complaint must comply with my orders and the rules; ordered to cease filing redundant and frivolous papers and papers containing immaterial and impertinent statements and *ad hominem* attacks on defense counsel and others; and repeatedly warned that failure to comply with my orders would result in my recommendation that this case be dismissed with prejudice. He has ignored these orders.

The plaintiff repeatedly claims in his inappropriate filings that he is "not an attorney," is a "disabled veteran," is on "heavy narcotics," has "diminished capacity," and is an "at-risk adult." The plaintiff has nevertheless been able to file copious papers with the court, and it is clear from these papers that he is fully cognizant of what he is doing. Moreover, none of these conditions excuse the plaintiff's extreme abusive filing behavior.

A sanction less than dismissal with prejudice would not be effective. The plaintiff is proceeding *in forma pauperis* [Doc. #6], and a monetary sanction would be ineffective. The plaintiff has repeatedly ignored unambiguous court orders and warnings, and his conduct shows a total lack of respect for the court and the judicial system. Dismissal with prejudice is the only effective sanction.

In summary, I find that under the specific facts of this case, the aggravating factors of the plaintiff's repeated misconduct--in the face of my direct orders and accompanying warnings--outweigh the judicial system's strong predisposition to resolve cases on the merits.

IT IS ORDERED that Docs. ## 90, 92, 94, 96, 101, 103, 105, 106, 107, 108, 109, 110, 111, 112, 114, 115, 116, 120, 122, 123, 125, 126, 128, 133, and 134 are STRICKEN.

In addition, I respectfully RECOMMEND that the Motion for Sanctions [Doc. # 117] be GRANTED and that this action be DISMISSED WITH PREJUDICE due to the plaintiff's abuse of the judicial system and his repeated failures to comply with applicable rules and orders of the court.[4]

Dated November 8, 2012.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

---

[4]Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).